67 F.3d 296
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles F. SHIPLEY, Jr., Plaintiff-Appellant,
v.
LOCKHEED AEROMOD CENTER, INCORPORATED, Defendant-Appellee.
 No. 94-2063.
 United States Court of Appeals, Fourth Circuit.
 Sept. 29, 1995.
 
 ARGUED: Charles Frederick Shipley, IV, West Columbia, South Carolina, for Appellant. Andreas Neal Satterfield, Jr., HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A., Greenville, South Carolina, for Appellee. ON BRIEF: Gretchen B. Gleason, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A., Greenville, South Carolina, for Appellee.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 When Charles F. Shipley, Jr., 67, was laid off as an employee of Lockheed Aeromod Center, Inc., an aircraft manufacturing and repair company, he sued Lockheed for violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. The district court entered summary judgment in favor of Lockheed, and, on appeal, we affirm.
 
 
 2
 Shipley was hired in 1985, when he was 60, as a contract administrator for Lockheed. He later was promoted to the position of contract manager and then became a senior contract administrator. Because he was a pilot, he also took on additional duties supervising flight operations for the company.
 
 
 3
 In August 1991, Lockheed began downsizing its operations in response to the loss of existing contracts and the predicted loss of future contracts. During the year and a half that followed, it reduced its full time workforce by one-half. As part of this restructuring and to enable the company to account better for the cost of its flight operations, Lockheed initially created a flight operations department and transferred Shipley to this department. While in that department Shipley continued to do contract administration work. Later in its restructuring efforts, however, Lockheed eliminated the flight operations department altogether and transferred its functions to the transportation department. In connection with that action, Jerry Sidow, director of financial operations, informed contract manager Bob Carpenter that the flight operations department was being eliminated and that Shipley would have to be laid off. Carpenter informed Shipley of this decision on September 3, 1992. At the time of Shipley's layoff, three persons remained in the contract administration department: David Williams, age 53; Glenn Faken, age 43; and Annette Porter, age 43.
 
 
 4
 Shortly after Shipley was laid off, Porter resigned, creating an immediate opening in the contract administration department. Carpenter and Sidow thereupon decided to recall Shipley to replace Porter. Shipley was called on September 14 and was offered the position of senior contract administrator, with the same salary, benefits and seniority level that he had enjoyed before his layoff less than two weeks earlier. When Shipley was called about the offer, however, he requested that it be put in writing, and Lockheed complied. Nevertheless, Shipley rejected the offer, believing that it had been made in bad faith. As he explained:
 
 
 5
 I didn't accept it because I didn't think it was in good faith.... In other words, after [Bob Carpenter] got through with his emergency [created by Porter's resignation] ... he'd turn around and get rid of me again, and I didn't want that to happen.... I was just afraid to go to work for Lockheed anymore.... I would have come back, you know, and probably operated fine.... But why should I take all that and have to carry it all the time in mind that, hey, if I make one little--one little tiny mistake, I'm being looked at, and that's probably exactly what would have happened.
 
 
 6
 When Shipley declined Lockheed's offer, Lockheed hired another individual to fill the vacant position.
 
 
 7
 In May 1993, Shipley sued Lockheed, contending that Lockheed terminated him on the basis of his age in violation of the ADEA.
 
 
 8
 Lockheed contends that Shipley failed to establish a prima facie case under the ADEA and failed to controvert its legitimate business reason for targeting him for layoff, i.e., that the layoff was necessary as part of its restructuring and downsizing. Shipley contends that not only did he establish a prima facie case, but he also offered evidence that his age was on the minds of at least some of those in power when the decision to lay him off was made, and that therefore he is entitled to a trial.
 
 
 9
 Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623(a)(1). To establish a claim, a plaintiff must prove, with reasonable probability, that but for his age, the adverse employment decision made by his employer would not have been made. Thus, age must have been a determining factor in the challenged employment decision. See Mitchell v. Data General Corp., 12 F.3d 1310 (4th Cir.1993).
 
 
 10
 To establish a prima facie case of age discrimination in the context of a reduction in force, the plaintiff must show that (1) he was protected under the ADEA, (2) he was selected for discharge from a larger group of candidates, (3) he was performing at a level substantially equivalent to the lowest level of those of the group retained, and (4) the process of selection produced a residual work force of persons containing some unprotected persons who were performing at a level lower than that at which he was performing. See Mitchell, 12 F.3d at 1315; Duke v. Uniroyal, Inc., 928 F.2d 1413, 1418 (4th Cir.), cert. denied, 502 U.S. 963 (1991).
 
 
 11
 Lockheed maintains that there is no evidence that, following the reduction in force, unprotected persons were retained in the relevant group who were performing at a level lower than that at which Shipley was performing. The three persons retained in the contract administration department were all over the age of 40, and therefore are persons protected by the Act. See 29 U.S.C. Sec. 631; O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542 (4th Cir.1995).
 
 
 12
 Even if the standard for establishing a prima facie case outside the context of a reduction in force is applied, Lockheed argues, the fourth prong was not satisfied because there was no evidence that age was a factor in selecting Shipley for layoff. See Fink v. Western Electric Co., 708 F.2d 909, 914-15 (4th Cir.1983). Although Shipley does point to evidence that persons within the same department referred to him as "too old" or that he "needed to retire and get on with his life," he is unable to impute such evidence to any decisionmaker. See Cone v. Longmont United Hosp. Assoc., 14 F.3d 526, 531 (10th Cir.1994) (holding that age related comments by non-decisionmakers are an insufficient basis on which to sustain an ADEA claim).
 
 
 13
 Even beyond a prima facie case, Shipley is confronted with ultimately insurmountable obstacles in attempting to carry his burden of persuasion. When Shipley was recalled to his job ten days after his layoff, he refused to accept the offer of rehire. At the time, he had leveled no charges of age discrimination against Lockheed and there is no suggestion that Lockheed's motive in offering to rehire him was other than to satisfy its ongoing business needs. We believe that Shipley's rejection of Lockheed's offer is fatal to his ADEA claim. See Proud v. Stone, 945 F.2d 796, 798 (4th Cir.1991) ("When the hirer and firer are the same individual, there is a powerful inference relating to the 'ultimate question' that discrimination did not motivate the employer."). Such a refusal by Shipley to return to work would also undermine any claim for damages. See Ford Motor Company v. EEOC, 458 U.S. 219 (1982).
 
 
 14
 Accordingly, we affirm the summary judgment entered in favor of Lockheed by the district court.
 
 AFFIRMED