PATRICK E. HIGGINBOTHAM, Circuit Judge,
dissenting:
A Mississippi jury found that Leggett & Platt intentionally discriminated against 66-year-old Jean Phillips in terminating her employment. It awarded her the modest sum of $53,370 in back pay, later reduced by the district court to $48,000. The majority today deprives Ms. Phillips of the verdict not because it doubts the jury’s finding, but because it finds her action untimely. In doing so, it disregards the fundamental principle that equitable tolling is best entrusted to the trial judge’s sound discretion.
Today’s ruling passes over the district court’s finding that Leggett’s mixed messages induced Ms. Phillips to delay her suit. To review, Leggett “terminated” Ms. Phillips only to recall her to work four working days later, assigning her a “temporary” position with virtually the same tasks. Leggett said it was to be for an indefinite duration. But only days after the 180-day period for challenging her initial termination had passed, indefinite became definite. Although the time ran just before Christmas, Leggett did not delay, informing Ms. Phillips that come early January she had no job with Leggett. These facts are adequate to support equitable tolling, a determination that our cases commit to the sound discretion of the district judge.[1]
Notwithstanding those cases, the majority reverses the district judge’s decision to equitably toll the charging period. It does so largely persuaded that the facts here are less compelling than the facts that supported tolling in Amburgey v. Corhart Refractories Corp.[2] Yet, Ms. Phillips makes a far more compelling case for equitable tolling than did Mr. Amburgey. Mr. Amburgey was terminated in April 1987 and was never recalled. His termination was therefore final; without further action, he would remain unemployed. His employer told him to “keep in touch” in case new openings arose. Nothing more supported tolling. Here, by contrast, Ms. Phillips was actually recalled to work because her successor could not do the work, and her recall had no set end date. If no further action were taken, Ms. Phillips would remain employed indefinitely — a status identical to any at-will employee— so, unlike Mr. Amburgey, her termination was not yet final. Compared to Mr. Amburgey, Ms. Phillips had better reason to think she would remain employed, and thus never need to file a claim; had far more to lose from antagonizing her employer by filing a discrimination charge against it; and even had reason to believe that she suffered no adverse employment action giving rise to a viable discrimination claim.[3]
*460 The majority is persuaded that Ms. Phillips’s recall “was ‘not inconsistent’ with the June 2007 notification of her termination of employment.” Perhaps this is a permissible factual conclusion. But it is not the only finding a trier of fact might make. It overlooks documentary evidence introduced at trial supporting the district court’s contrary conclusion. Leggett offered, as Exhibit D-5, a copy of Ms. Phillips’s June 2007 employment separation form, a written form that Leggett placed in Ms. Phillips’s file stating that there was “no possibility of recall.” Leggett then recalled her less than a week later- — a direct contradiction. The bite of such inconsistencies — and the cold fact that the indefinite period of the recall lasted just over 180 days — is best entrusted to the better-informed discretion of the district judge.
It bears emphasis, too, that when the trial judge adhered after trial to his pretrial decision on tolling, he had the jury’s finding that Leggett willfully fired Ms. Phillips because of her age. Such intentional conduct is relevant to determining whether Leggett may have also misled Ms. Phillips about her employment prospects. The events of the termination and recall provide the backdrop for the tolling.
In sum, review of a district court’s decision to equitably toll the charging period is only for abuse of discretion. The facts here support the district court’s decision and suffer no error of law or clearly erroneous assessment of the evidence,[4] The majority, and perhaps I as well,- had we heard the case, might not reach the same decision as the district court. That is of no moment. There is a line between disagreement with the district court and the firm conviction that its decision cannot be sustained. To these eyes, this ruling is well within the “discretion” of a district court judge who found that the running of the 180-day period should be tolled and adhered to that decision after presiding over the trial of the case. Today’s decision is not faithful to this fundamental principle. With respect, I dissent.

. See Granger v. Aaron’s, Inc., 636 F.3d 708, 711-12 (5th Cir.2011).

. 936 F.2d 805 (5th Cir. 1991).

. As the majority concedes, Ms. Phillips was recalled to a position "similar to what she had done in Verona.” With that reality, whether she had yet suffered an adverse employment action that could support a discrimination claim became less than certain. Indeed, Ms. Phillips points to at least one court of appeals decision holding that a recalled employee is forbidden from bringing a discrimination claim. See Shipley v. Lockheed *460 Aeromod Ctr., Inc., 67 F.3d 296, 1995 WL 573042, at *3 (4th Cir.1995) (unpublished table decision).

. See United States v. Smith, 417 F.3d 483, 486-87 (5th Cir.2005) (quoting United States v. Mann, 161 F.3d 840, 860 (5th Cir.1998)).