# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2011

No. 10-60585

Lyle W. Cayce
Clerk

JEAN FRANK PHILLIPS,

Plaintiff - Appellee

v.

LEGGETT & PLATT, INC.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi

Before JONES, Chief Judge, and HIGGINBOTHAM and SOUTHWICK, Circuit
Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

This is an age discrimination suit. Following a jury trial which resulted
in a verdict for the employee, the employer timely moved for judgment as a
matter of law. The district court denied that motion. We REVERSE as we
conclude that the claim was time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, Leggett & Platt, Inc. ("Leggett") informed its employees that
it was consolidating the operations of two of its Mississippi facilities by closing
the one in Verona and leaving open the Houlka plant. Jean Phillips, employed

by Leggett for 24 years, was the accounts-payable clerk at the Verona plant. Later that month, Leggett informed Phillips that there were no positions available for her at the Houlka facility. She would be laid off once the Verona facility closed with her last day of employment being July 30, 2007. There was evidence that Phillips was the only Verona employee willing to work in the Houlka facility who was unable to do so.

Phillips was 66 years old when she received her termination notice. She suspected that she was denied the accounts-payable clerk position at the Houlka facility because of her age. Kathy Gamble, the employee transferred to the Houlka facility to do that work, was younger and less experienced than Phillips.

Four business days after the end of her employment, Leggett recalled Phillips to work in Houlka. She was told she was needed to assist with the consolidation. Phillips was informed this new job was temporary but without a stated end-date. Phillips' job at the Houlka facility included work similar to what she had done in Verona. Although Phillips knew the work was temporary, she hoped that if she performed well, permanent employment would result. After approximately five months, though, she was informed of her termination. Her employment was officially terminated on January 2, 2008.

At about the same time, the person who had replaced Phillips as accounts-payable clerk, Kathy Gamble, left Leggett. Hired next was Amy Watkins, a 35-year-old former Leggett employee who had worked on accounts payable at the Houlka facility. She had been laid off from Houlka when Gamble took those duties as part of the consolidation. Once Gamble left, Watkins was hired permanently to fill the accounts-payable position in the Houlka facility. Phillips did not apply for Gamble's position when it became available, contending she "had no way of knowing there was an opening."

On March 5, 2008, 63 days after her termination from the Houlka facility, Phillips filed an age-discrimination claim with the Equal Employment

No. 10-60585

Opportunity Commission ("EEOC").  She received a right-to-sue letter from the EEOC on September 18, 2008, then filed this action in the United States District Court for the Northern District of Mississippi on December 16, 2008.

Although her initial complaint stated a single claim of unlawful discriminatory termination, her complaint was later understood by the parties also to include a claim for failure to rehire for the position that went to Amy Watkins.  The jury found Leggett liable for discriminatory termination.  The district court dismissed the claim of failure to rehire.  Phillips did not appeal the dismissal of that claim.

Following the jury's verdict, Leggett timely renewed its motion for judgment as a matter of law.  *See* Fed. R. Civ. P. 50(b).  Among its contentions was that Phillips' discriminatory-termination claim was time-barred.  The district court held that the claim was not barred because the final termination was not until January 2, 2008, less than 180 days from when Phillips filed her EEOC charge.  The district court determined that Phillips was recalled to "basically the same position" and was obligated to accept the recall.  The court also found that Phillips effectively was transferred from the Verona facility to the Houlka facility, and a "transfer" must be "objectively worse" than the original position to constitute an adverse employment action.

The district court held that Phillips did not experience an adverse employment action until she was finally terminated from the Houlka facility on January 2, 2008.  In the alternative, the district court found that the 180-day limitations period should be equitably tolled because Leggett's actions "induced" Phillips not to file suit until after the limitations period had expired.

## DISCUSSION

Leggett contends that Phillips' "sole cause of action" is her layoff from the Verona facility, and the temporary employment in the Houlka facility did not toll the running of the limitations period for timely filing her claim. Phillips'

3

argument is that the 180-day limitations period did not begin until her Houlka facility termination. Alternatively, she argues that the limitations period should be equitably tolled.

*I. Calculation of Limitations Period*

Because this issue arises from a defendant's Rule 50 motion for judgment as a matter of law, our review is *de novo*, "applying the same standard that the district court used." *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002). "A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence." *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 301 (5th Cir. 2000) (alteration in original) (quotation marks and citations omitted). We "must review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001).

Under the Age Discrimination in Employment Act (ADEA), an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prove a prima facie case of age discrimination under the ADEA, a plaintiff must show she was discharged; qualified for the position; within the protected age group at the time of the discharge; and either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of her age. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).

A plaintiff is required to file a charge with the EEOC "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1)(A). Generally, the limitations period begins on the date of the alleged unlawful employment action; once the plaintiff has knowledge sufficient to support the

No. 10-60585

ADEA claim, the 180-day limitations period begins. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 477-78 (5th Cir. 1991).

The Supreme Court has provided guidance in determining the sufficiency of notice required to start the ADEA's limitations period. In the context of a non-tenured professor's teaching contract, the limitations period began to run on the date the tenure decision was made and communicated to the plaintiff, "even though one of the *effects* of the denial of tenure – the eventual loss of [employment] – did not occur until later." *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257.[1]

The Supreme Court applied *Ricks* in finding that a Section 1983 suit challenging politically-motivated firings was time-barred by the one-year statute of limitations. *Chardon v. Fernandez*, 454 U.S. 6, 7-8 (1981). The plaintiffs, non-tenured administrators, were notified by letter that their appointments would terminate at a specified date in the future. *Id.* at 6-7. The statute of limitations began at "the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Id.* at 8 (citing *Ricks*, 449 U.S. at 258).[2]

Accordingly, the 180-day limitations period begins on "the date of notice of termination, rather than the final date of employment." *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988) (citations omitted). The existence of notice "is based upon an objective standard, focusing upon when the employee knew, or reasonably should have known, that the adverse employment decision had been made." *Id.* The notice of termination must be unequivocal to start the

---

[1] *Ricks* involved a claim brought under Title VII, but its limitations-period analysis also applies to ADEA actions. *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir.1988).

[2] "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

running of the limitations period. *See, e.g.*, *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 133 (5th Cir. 1992).   The precise issue in this action – whether temporary, indefinite employment tolls the limitations period – appears to be one of first impression in the Fifth Circuit.

The limitations period begins when an employee is unambiguously informed of an immediate or future termination.   In *Ricks*, the date of the termination was certain, though it was some distance in the future.   *Ricks*, 449 U.S. at 257-58.   Here, Phillips was told her employment would be terminated on a specific date – July 30.   And she was.   Phillips' rehiring for a temporary position on August 6 may have created a glimmer of hope of permanent re-employment if she performed well, yet may have cast a shadow of doubt about her chances of being rehired if she filed an EEOC claim.   The difficult choice that may have faced her would not have altered the finality of the clear and adverse action of her termination from permanent employment.   At least if filing an EEOC charge caused her employer to retaliate, she could make a claim on that too.   *See Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 252 n.18 (5th Cir. 1997).

The district court found it significant that Phillips' new job encompassed the same responsibilities as her previous job, with no loss of pay or benefits. Even if that is so, nothing in this record supports that the decision terminating her employment was unsettled.   An employment event that is merely an effect of a prior employment decision does not constitute a separate and distinct act that begins the calendar anew for bringing an ADEA claim.   *See Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 289-90 (7th Cir. 1986) (placement on long-term temporary assignment did not refute date employee was first notified of termination).   Phillips' availability for the short-term tasks of training her replacement and helping with other needs of the consolidation was because she no longer had a permanent position.

No. 10-60585

We recognize that the rule articulated in *Ricks* and similar opinions is not without potential cost for an employee to apply.  Phillips either had to file allegations of discrimination against her employer or forfeit them at a time when she might still have clung to a hope of gaining permanent employment.  That hope, however, was not enough to delay the start of the ADEA limitations period.  The real-world sensitivities face a bright-line rule:  the limitations period began to run upon the unequivocal notification that her employment would ultimately be terminated, absent any later equivocation which did not occur here.  *See*, *e.g.*, *Clark*, 854 F.2d at 765.  Based upon this record, Phillips' suit is time-barred.

## II.  *Equitable Tolling*

The district court also held, in the alternative, that the 180-day limitation period should be equitably tolled.  Specifically, the court determined that Leggett induced Phillips not to file suit by misleading her with a temporary job after the Verona facility had closed.  Leggett contends there is no evidence it misled Phillips into sleeping on her rights.

Our review of a district court's application of equitable tolling is for abuse of discretion.  *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).  "A trial court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Caldwell*, 586 F.3d 338, 341 (5th Cir. 2009).  The burden is on the plaintiff to show a factual basis to toll the limitations period.  *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988).

The limitations period for filing a discrimination charge with the EEOC is not a jurisdictional prerequisite, and it may be tolled by equitable modification.  *Granger*, 636 F.3d at 712.  Equitable tolling, however, is a narrow exception.  *See id.*  It is an equitable modification that should be "applied sparingly."  *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

No. 10-60585

Generally, in the Title VII context, there are three bases for equitable tolling: (1) a pending action between parties in the wrong forum; (2) the plaintiff's unawareness of the facts supporting his claim because defendant intentionally concealed them; and (3) the EEOC's misleading the plaintiff about his rights. *Granger*, 636 F.3d at 712. The only relevant possibility here is whether Phillips was unaware of, or misled about, facts necessary to support her claim.

The facts that Phillips needed to acquire to bring suit were that she was discharged; qualified for the position; in a protected class at the time of the discharge; and replaced by a person either outside the protected group or younger, or replaced because of age. *Rachid*, 376 F.3d at 309. Phillips had acquired facts necessary to support an age discrimination claim as early as June 2007. The only real doubt as to these matters is whether her being rehired made the fact of her termination less certain.

One of our precedents had a similar set of facts that also led to an age discrimination claim arising out of a company's consolidation and transfer of its operations. *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805 (5th Cir. 1991). The employee Amburgey was willing to transfer to a different facility, but he was terminated instead. *Id.* at 808-09. For several months thereafter, the employer told him to "keep in touch," suggesting that Amburgey would be considered for employment if a job came available. *Id.* at 808. Approximately seven months after his termination, the employer finally informed Amburgey there would be no transfer position available for him. *Id.* The plaintiff filed an EEOC charge approximately four months later. *Id.* at 809. It was timely if measured from that final notice, but untimely otherwise. *Id.* at 809-10.

We found no evidence the termination was pretextual and therefore did not need to decide whether the proper date for beginning the 180 days was the date of initial termination or of final rejection for future work. *Id.* at 811. We

8

No. 10-60585

did note that the "latest" date that the limitations period began to run was when plaintiff was told there was no chance of employment. *Id.* at 811. In discussing the "keep in touch" statement, we found that phrase was not a misleading comment about the likelihood of rehiring. *Id.* at 810-11. We compared that phrase to the actions of an employer in another case who at various times told the employee it intended to rehire him but then never did. *Id.* at 810 (discussing *Coke v. General Adjustment Bureau, Inc.,* 616 F.2d 785 (5th Cir. 1980), *on reh'g en banc* 640 F.2d 584 (1981)). On those facts, we held the time to file a claim was tolled; we left open "the question of whether tolling may be appropriate when the employer has made, not misrepresentations as to the likelihood of future reinstatement, but rather bona fide representations as to such likelihood, which, for some reason, were not fulfilled." *Id.* at 811 (quoting *Coke,* 616 F.2d at 790 n.4).

Here, there is no evidence that Leggett intentionally or innocently misled Phillips. Thus this case contains neither the facts that led to tolling nor those that left an open issue in the precedent we discussed in *Amburgey*. The finality of Leggett's decision was never in doubt. Phillips' recall was temporary and not for permanent employment. The nature and status of Phillips' temporary employment may have created an awkward situation for filing an EEOC claim, but it was not ambiguous. In other words, Leggett's recall of Phillips to assist with consolidation issues was "not inconsistent" with the June 2007 notification of her termination of employment. *Mull*, 784 F.2d at 289.

Phillips, as well as the district court, relied on one of our precedents to conclude that equitable tolling applied. *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 865-66 (5th Cir. 1993). There, we stated that a defendant's conduct, even if innocent, that reasonably induced a plaintiff not to sue could support equitable estoppel. *Id.* at 866. We first point out that there is a distinction between equitable tolling and estoppel. "A defendant is equitably

9

estopped from asserting that a claim is time-barred where its conduct induced a plaintiff to refrain from exercising its rights. Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act." *Amburgey*, 936 F.2d at 810 n.14 (quotation marks and citations omitted). Regardless of the distinction, we cannot agree that the action on which the tolling is based – giving Phillips a temporary job – was misleading. It created a practical problem for Phillips, but it did not alter the legal effect of earlier notice of an allegedly improper employment action.

We view what happened to Phillips as similar to what happened to the instructor in *Ricks*. Both were told they would not have long-term employment, and both were allowed to continue to work for a time. There are distinctions. When Ricks was denied tenure, he received a one-year "terminal" contract that did not include any implication that he would be extended or given tenure. *Ricks*, 449 U.S. at 252. Relatedly, Phillips was told her long-term position would end, then was rehired for what was explicitly a temporary position. Both employees say they had long-term employment improperly terminated; both had temporary employment that allowed them to keep working after the adverse employment action. We see no meaningful distinction, despite the factual differences.

The burden was on Phillips to show the factual basis to toll the period. *Blumberg*, 848 F.2d at 644. She failed to present evidence that Leggett's actions prevented or discouraged her from filing a claim of age discrimination. Accordingly, the district court abused its discretion in holding that Phillips' wrongful termination claim should be equitably tolled.

The judgment is REVERSED and the cause is remanded for entry of judgment for Leggett.

No. 10-60585

PATRICK E. HIGGINBOTHAM, Circuit Judge, dissenting:

A Mississippi jury found that Leggett & Platt intentionally discriminated against 66-year-old Jean Phillips in terminating her employment. It awarded her the modest sum of $53,370 in back pay, later reduced by the district court to $48,000. The majority today deprives Ms. Phillips of the verdict not because it doubts the jury's finding, but because it finds her action untimely. In doing so, it disregards the fundamental principle that equitable tolling is best entrusted to the trial judge's sound discretion.

Today's ruling passes over the district court's finding that Leggett's mixed messages induced Ms. Phillips to delay her suit. To review, Leggett "terminated" Ms. Phillips only to recall her to work four working days later, assigning her a "temporary" position with virtually the same tasks. Legett said it was to be for an indefinite duration. But only days after the 180-day period for challenging her initial termination had passed, indefinite became definite. Although the time ran just before Christmas, Leggett did not delay, informing Ms. Phillips that come early January she had no job with Leggett. These facts are adequate to support equitable tolling, a determination that our cases commit to the sound discretion of the district judge.[1]

Notwithstanding those cases, the majority reverses the district judge's decision to equitably toll the charging period. It does so largely persuaded that the facts here are less compelling than the facts that supported tolling in *Amburgey v. Carhart Refractories Corp.*[2] Yet, Ms. Phillips makes a far *more* compelling case for equitable tolling than did Mr. Amburgey. Mr. Amburgey was terminated in April 1987 and was never recalled. His termination was therefore final; without further action, he would remain unemployed. His employer told

---

[1] *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 711–12 (5th Cir. 2011).

[2] 936 F.2d 805 (5th Cir. 1991).

No. 10-60585

him to "keep in touch" in case new openings arose. Nothing more supported tolling. Here, by contrast, Ms. Phillips was actually recalled to work because her successor could not do the work, and her recall had no set end date. If no further action were taken, Ms. Phillips would remain employed indefinitely—a status identical to any at-will employee—so, unlike Mr. Amburgey, her termination was not yet final. Compared to Mr. Amburgey, Ms. Phillips had better reason to think she would remain employed, and thus never need to file a claim; had far more to lose from antagonizing her employer by filing a discrimination charge against it; and even had reason to believe that she suffered no adverse employment action giving rise to a viable discrimination claim.[3]

The majority is persuaded that Ms. Phillips's recall "was 'not inconsistent' with the June 2007 notification of her termination of employment." Perhaps this is a permissible factual conclusion. But it is not the only finding a trier of fact might make. It overlooks documentary evidence introduced at trial supporting the district court's contrary conclusion. Leggett offered, as Exhibit D-5, a copy of Ms. Phillips's June 2007 employment separation form, a written form that Leggett placed in Ms. Phillips's file stating that there was "no possibility of recall." Leggett then recalled her less than a week later—a direct contradiction. The bite of such inconsistencies—and the cold fact that the indefinite period of the recall lasted just over 180 days—is best entrusted to the better-informed discretion of the district judge.

It bears emphasis, too, that when the trial judge adhered after trial to his pre-trial decision on tolling, he had the jury's finding that Leggett willfully fired

---

[3] As the majority concedes, Ms. Phillips was recalled to a position "similar to what she had done in Verona." With that reality, whether she had yet suffered an adverse employment action that could support a discrimination claim became less than certain. Indeed, Ms. Phillips points to at least one court of appeals decision holding that a recalled employee is forbidden from bringing a discrimination claim. *See Shipley v. Lockheed Aeromod Ctr., Inc.*, 67 F.3d 296, 1995 WL 573042, at *3 (4th Cir. 1995) (unpublished table decision).

Ms. Phillips because of her age.   Such intentional conduct is relevant to determining whether Leggett may have also misled Ms. Phillips about her employment prospects.  The events of the termination and recall provide the backdrop for the tolling.

In sum, review of a district court's decision to equitably toll the charging period is only for abuse of discretion.  The facts here support the district court's decision and suffer no error of law or clearly erroneous assessment of the evidence.[4]  The majority, and perhaps I as well, had we heard the case, might not reach the same decision as the district court.  That is of no moment.  There is a line between disagreement with the district court and the firm conviction that its decision cannot be sustained.  To these eyes, this ruling is well within the "discretion" of a district court judge who found that the running of the 180-day period should be tolled and adhered to that decision after presiding over the trial of the case.  Today's decision is not faithful to this fundamental principle.  With respect, I dissent.

---

[4] *See United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005) (quoting *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998)).