**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT** United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2012

No. 12-60326
Summary Calendar

Lyle W. Cayce
Clerk

ANDREA DUPREE,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-537

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Andrea Dupree sued the Central Mississippi Medical Center ("CMMC") for medical malpractice in the Circuit Court of the First Judicial District of Hinds County, Mississippi. After certifying that the doctor was a federal employee, the Government removed the action to federal district court and substituted the United States as the defendant. The district court granted the government's motion to dismiss, finding that the plaintiff's action

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60326

was untimely and that the statute of limitations should not be equitably tolled. We AFFIRM.

## FACTS AND PROCEEDINGS

Andrea Dupree underwent a total abdominal hysterectomy/bilateral salpingo-oophorectomy at CMMC on or about March 17, 2008. Dupree alleged that Dr. Natasha Hardeman and other defendants breached the requisite standard of care during operation. She alleges that as a result of mistakes made during surgery, her left lung collapsed and she became hypoxemic, hypotensive, and tachycardiac, and that she required a second surgery to stop internal bleeding. She brought suit against Hardeman, several other medical care providers who were present during her surgery, and CMMC.

In Mississippi, plaintiffs who bring a negligence claim against a health care provider are required to provide the defendant with written notice at least 60 days prior to filing suit. § 15-1-36(15); *Fowler v. White*, 85 So. 3d 287, 290-91 (Miss. 2012). If notice is served within the 60 days prior to the end of the statute-of-limitations period, the period is extended 60 days from the service of the notice. *See* § 15-1-36(15); *Fowler*, 85 So. 3d at 290-91. Five days prior to the end of Mississippi's two-year statute of limitations period for medical malpractice claims, Dupree provided notice of her claim to the defendants. Thereafter, on May 12, 2010, Dupree filed her medical malpractice suit in state court.

On September 27, 2010, the U.S. Attorney certified that Hardeman qualified as a federal employee because her employee, the Central Mississippi Civic Improvement Association, Inc., d/b/a/ Jackson-Hinds Comprehensive Health, was a federal grantee under the Federally Supported Health Centers Assistance Act of 1992. Therefore, pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C.§ 2679(d)(2), the Government removed the action to district

No. 12-60326

court and substituted the United States as the proper party defendant with respect to Dupree's claims against Hardeman.[1]

On November 15, 2010, the Government filed a motion to dismiss, claiming that under the FTCA, Dupree's claim was time-barred because Dupree had not first filed an administrative claim with the U.S. Department of Health and Human Services (HHS) and the two-year period for filing the requisite administrative claim had lapsed. *See* 28 U.S.C. 2675(a); 28 U.S.C. 2401(b). Dupree contended that the FTCA statute of limitations should have been equitably tolled. The district court granted the Government's motion and dismissed the case. Dupree now appeals.

## DISCUSSION

### A.

We review a district court's grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). We review the district court's application of equitable tolling for abuse of discretion. *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011). "A trial court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Caldwell*, 586 F.3d 338, 341 (5th Cir. 2009)). The plaintiff bears the burden of showing a factual basis to toll the statute of limitations period. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

### B.

The FTCA waives the United States government's sovereign immunity for claims arising out of torts committed by federal employees. *Ali v. Fed. Bureau*

---

[1] Dupree does not appeal the certification of Hardeman as a federal employee, the substitution of the United States as the proper party defendant, or the removal of the case to district court.

*of Prisons*, 552 U.S. 214, 217-18 (2008). It provides that a suit against the United States is the exclusive remedy for injuries "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C § 2679(b)(1) (2006). The FTCA requires that a plaintiff first exhaust her administrative remedies before commencing an action against the United States. *See id.* § 2675(a). To exhaust her administrative remedies, a plaintiff must present her claim to the appropriate federal agency within two years of the claim's accrual, otherwise the claim is "forever barred." 28 U.S.C. § 2401(b). If a claim is removed from state court and then dismissed for failure to exhaust administrative remedies, the claim is deemed to be timely presented and the plaintiff may recommence her suit if she presents the claim to the appropriate federal agency within 60 days of dismissal, and if "the claim would have been timely had it been filed on the date the underlying civil action was commenced." 28 U.S.C. 2679(d)(5).

In medical malpractice suits, the claim accrues and the statute of limitations begins to run when "the patient discovers or in the exercise of reasonable diligence should discover his injury and its cause." *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995) (quotation marks and citation omitted). Dupree's claim accrued on the date of the alleged negligence, March 17-18, 2008. She filed suit in state court on May 12, 2010, more than two years after her claim accrued. Therefore, she was not entitled to recommence her case. *See* 28 U.S.C. § 2679(d)(5)(A).

Dupree argues on appeal that the FTCA limitations period should be equitably tolled. The FTCA's two-year statute of limitations is jurisdictional and therefore not subject to equitable tolling. *See In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 646 F.3d 185, 190-91 (5th Cir. 2001) ("Because the FTCA waives the Government's immunity, in construing the FTCA's statute of

limitations, we will 'not take it upon [ourselves] to extend the waiver beyond that which Congress intended.' . . . Alexander's claim should not be equitably tolled." (quoting *United States v. Kubrick*, 444 U.S. 111, 118 (1979)). Furthermore, Dupree has not established that she meets any of the bases for equitable tolling. *See Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). The suit was not pending in the wrong forum; the defendant did not intentionally conceal facts that would support Dupree's claim; and Dupree was not misled about her rights. *Id.* Dupree also has not shown that she exercised due diligence in pursuing her rights. *See Wilson v. Dept. of Veterans Affairs*, 65 F.3d 402, 404-05 (5th Cir. 1995). She did not take any steps to determine if the health clinic and Hardeman were federal employees for the purpose of the FTCA. Equitable tolling should be applied "sparingly," *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), and Dupree has not demonstrated that it would be justified in the present case. Therefore, equitable tolling cannot be used to extend the FTCA two-year limitations period.

## CONCLUSION

For these reasons, we AFFIRM the federal district court's June 30, 2011 order dismissing the plaintiff's claims.