# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2013

No. 12-60926
Summary Calendar

Lyle W. Cayce
Clerk

LUCKY HULL, JR.,

Plaintiff–Appellant

versus

EMERSON MOTORS/NIDEC,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:11-CV-145

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lucky Hull, Jr., was fired by his employer, Nidec Motor Corporation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60926

("NMC"), and sued under Title VII, claiming discrimination based on race. The district court found that the claim was time-barred and granted summary judgment to NMC. We affirm.

I.

Hull, a black male, was employed by NMC as an inventory clerk. On the morning of October 21, 2010, he had a verbal altercation with a coworker, Cortez Broom, also a black male. The incident involved shouting and some physical contact. Hull was suspended that afternoon pending investigation and was terminated three days later; Broom was not fired.

On February 25, 2011, 124 days later, Hull filed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC") alleging that he had been discriminated against based on race. He noted his intent to file a charge but did not file one, and the EEOC declined to pursue the matter further, finding that there was not likely a valid claim.

On June 3, 2011, 222 days after his termination, Hull filed a charge with the EEOC. He explained that he had recently learned that a white employee had been in an altercation at work and was not fired and that that constituted proof that Hull had been treated differently because of his race. He was given a notice of a right to sue, but the EEOC declined to pursue the matter, having determined again that there was likely not a violation of Title VII and that the claim was untimely.

NMC moved for dismissal, and then for summary judgment based on the untimeliness of the EEOC charge. Hull argued that he had been misled by the EEOC and that he had expected it to file a charge on February 25. The district court allowed limited discovery, considered whether equitable tolling should apply, and ultimately concluded that Hull's charge was untimely.

No. 12-60926

II.

We review summary judgments *de novo.  Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012).  Summary judgment is appropriate where, considering the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  We review a district court's decision regarding equitable tolling for abuse of discretion.  *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

III.

A charge under Title VII must be filed with the EEOC within 180 days of the date of discrimination.  42 U.S.C. § 2000e-5(e)(1).  The period begins running once the plaintiff knows or should have known of the unlawful employment action.  *See Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (applying the EEOC filing requirement in the ADEA context).  Hull was fired, allegedly based on his race, on October 24.  Although he filed a preliminary intake questionnaire on February 25, he did not file a charge as required by § 2000e-5 until June 3, which was 222 days after he had knowledge of the allegedly discriminatory event.  His claim was thus time-barred.

Hull's sole contention on appeal is that equity demands that limitations be tolled between February 25 and June 3.  Hull suggests that he relied on EEOC representations that he had properly filed a charge in February and that he was waiting for the EEOC to complete its investigation.

"Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008) (citation omitted).

No. 12-60926

Equitable tolling is disfavored and should be applied only in exceptional cases, such as where purposeful misrepresentations misled a party or where a party could not have vindicated its rights even by exercising diligence.[1]

We have identified three possible bases for equitable tolling in the context of a Title VII action: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Granger*, 636 F.3d at 712. Hull vaguely suggests that he was misled about his rights and was diligent in filling out the intake questionnaire. He makes much of that fact and argues that only the EEOC's "negligence" prevented him from suing timely.

Hull's assertions are insufficient to cast doubt on the district court's decision not to exercise its discretion and toll limitations. The February intake questionnaire indicates that Hull "would like to file a charge," but the questionnaire does not say that, by completing it, a charge has been filed. It states that the purpose of the questionnaire is to provide the EEOC with information for investigating discrimination and for counseling.

Hull did not fill out or file a charge, and there is no evidence that the EEOC told him he had done so. Indeed, Hull was told by the EEOC on that date that it did not think he had a claim. He claims that he "thought it was filed," but he does not show how the EEOC misled him in any way. After that day, he took no further steps for almost three months. He did not file a charge, check to see whether a charge had been filed, or communicate with the EEOC at all. Only

---

[1] *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that equitable tolling should be used "sparingly"); *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (explaining that equitable tolling should be applied only in "rare cases").

4

after he learned that a white employee had not been terminated after instigating a workplace conflict did Hull return to the EEOC and file a charge, well after the 180-period had expired.

Though it is possible that Hull did not understand the intake questionnaire, and though the EEOC could have clarified that he needed to file a charge beyond the questionnaire, there is no evidence that the EEOC misled Hull or made an affirmative misrepresentation.[2] There is no indication that he relied on statements of the EEOC at all. Instead, he assumed he had done what he needed to, based on his own conclusions, and took no further action until after the expiration of the limitations period when new "evidence" came to light.

Hull's circumstances are not "exceptional," and this is not one of the "rare cases" in which the equities demand tolling. The district court did not abuse its discretion.

The summary judgment is AFFIRMED.

---

[2] *See, e.g.*, *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) ("This court has held that such extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment.").

5