# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20817

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2013

Lyle W. Cayce
Clerk

THEODOESHA RIVERS,

Plaintiff - Appellant

v.

TIMOTHY F. GEITHNER, Secretary, United States Department of the Treasury; INTERNAL REVENUE SERVICE,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1396

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Theodoesha Rivers was an employee at the Department of Treasury, Internal Revenue Service (IRS) until her resignation in lieu of termination on August 12, 2011. As a federal employee, Rivers was informed that if she suspected that her employer had taken any adverse employment action against her that was based in whole or in part on discrimination due to race, she must bring her complaint to the attention of an Equal Employment Opportunity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20817

(EEO) counselor within forty-five (45) calendar days of the effective date of the adverse employment action. Rivers failed to contact an EEO Counselor within the prescribed time period. Nonetheless, Rivers filed suit against the IRS alleging that the IRS had unlawfully discriminated against her on the basis of her race. The district court dismissed Rivers' suit for her failure to exhaust her administrative remedies. Because we find that Rivers has not shown that she is entitled to equitable tolling or estoppel of the limitations period for contacting an EEO Counselor, we AFFIRM the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

Theodoesha Rivers was employed by the IRS from September 15, 2008 to August 12, 2011. Rivers alleges that in November 2009, one of her supervisors made racially discriminatory comments towards her. Rivers reported her supervisor's conduct to her Union Office, and after Rivers filed her complaint, she alleges that her supervisors retaliated against her by creating a hostile work environment. Sometime later, in the spring of 2010, the IRS began an investigation into Rivers' use of the government credit card and her time reporting. Pursuant to the IRS's investigation, Rivers received written notice from the IRS explaining that it was investigating her based on her misuse of the government credit card. Rivers was also given an opportunity to respond to the investigation both orally and in writing, and Rivers chose to only give an oral reply. Rivers was also informed in writing that she had administrative remedies available to her, including filing a complaint with the Equal Employment Opportunity Commission (EEOC) if she felt that the employment actions taken against her were discriminatory in any way. Rivers ultimately decided to resign in lieu of termination, and she submitted her resignation effective August 12, 2011.

On October 13, 2011, Rivers obtained a copy of her investigative file pertaining to the credit card infractions. Upon reading the file, Rivers alleges

2

that she realized for the first time that her supervisors, whom she had previously reported for discriminatory conduct, had been involved in the investigation. It was only upon reading the investigative file, Rivers asserts, that she had a reasonable suspicion that her termination was based on discrimination and retaliation for her complaints.

Rivers then contacted an EEO counselor with her complaint of racial discrimination on October 17, 2011, four days after she had received her investigative file but a total of sixty-six days after the date of her resignation in lieu of termination. On December 19, 2011, Rivers filed an administrative complaint alleging discrimination based on race, color, and retaliation for prior EEO activity. The Department of the Treasury investigated Rivers' complaint and dismissed her complaint pursuant to 29 C.F.R. § 1614.107(a)(2) because she had failed to exhaust her administrative remedies by failing to contact an EEO Counselor within the 45 day time period required by the regulation.

Rivers then filed suit against the IRS in the District Court for the Southern District of Texas, Houston Division, again alleging she was subject to discrimination on the basis of her race. The Government filed a motion to dismiss the case, claiming that Rivers' failure to exhaust her administrative remedies prior to suit rendered the district court without subject matter jurisdiction. In response, Rivers argued that the Government should be equitably estopped from asserting the limitations period as a defense to her claim because the IRS misled her about the reasons for her termination, causing her to forebear from contacting an EEO counselor in a timely fashion. In the alternative, Rivers argued that the 45 day time limit for contacting an EEO counselor began to run on the day she discovered that discriminatory intent motivated the adverse employment action against her, not the date that her termination actually occurred. The district court determined that Rivers had reason to know of any suspected discriminatory motive at the time of her

No. 12-20817

resignation and that Rivers had not exhausted her administrative remedies because she failed to contact an EEO counselor within the 45 day deadline. The district court declined to grant her any equitable remedies and dismissed Rivers' suit.

## STANDARD OF REVIEW

In Title VII cases "[w]e review *de novo* a district court's determination of whether the exhaustion requirement is satisfied." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). "Where further litigation of [a] claim will be time-barred," however, this Court reviews a dismissal for abuse of discretion. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal citations omitted) (alteration in original). In reviewing a decision where "the district court declines to exercise its equitable powers, we review decisions on the pleadings only for abuse of discretion." *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). "As when deciding any other motion on the pleadings, we assume the pleaded facts as true, and we will remand if the plaintiff has pleaded facts that justify equitable tolling." *Id.*; *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) ("Our review of a district court's application of equitable tolling is for abuse of discretion."). "A district court abuses its discretion when it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact." *James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995).

## DISCUSSION

Title VII prohibits an employer from making an adverse employment decision that is motivated in part by discrimination on the basis of sex, race, color, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1); *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005). The exclusive remedy for claims of employment discrimination by federal employees under Title VII is provided in 42 U.S.C. § 2000e-16(a)-(e). *Pacheco v. Rice*, 966 F.2d 904, 905

No. 12-20817

(5th Cir. 1992) (citing *Henderson v. United States Veterans Admin.*, 790 F.2d 436, 439 (5th Cir. 1986)). Federal employees must seek informal counseling with an EEO counselor before filing a complaint of discrimination with the EEOC. 29 C.F.R. § 1614.105(a). An aggrieved employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* § (a)(1).

If an aggrieved employee fails to seek informal counseling within the 45 day time limit, her claim is time barred. *Pacheco,* 448 F.3d at 791 n.11 ("Generally, discrimination claims alleging conduct that occurred more than 45 days before the initiation of administrative action (contacting an EEO counselor) are time barred in a subsequent action in federal court." (citing 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.105)); *Teemac*, 298 F.3d at 454 ("Federal employees must seek informal counseling before they file an EEOC complaint . . . [i]f the employee fails to do so, his claim is barred."); *Rice*, 966 F.2d at 905 ("Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling." (citation omitted)).

The district court granted the Government's motion to dismiss Rivers' claim for lack of jurisdiction based on the fact that Rivers had failed to exhaust her administrative remedies since she had not contacted an EEO counselor within the 45 day time limit.[1] The parties dispute, however, when the 45 day period began to run. Rivers asserts that the limitations period should not have

---

[1] There is a dispute within this Circuit regarding whether exhaustion implicates this Court's subject matter jurisdiction, or whether exhaustion is merely a statutory prerequisite to suit that is subject to equitable remedies such as tolling. *See, e.g.*, *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (stating that "in this court, there are two jurisdictional issues in this case . . . [t]he first is whether [employee] exhausted his administrative remedies under Title VII"). *But see Phillips*, 658 F.3d at 457 ("The limitations period for filing a discrimination charge with the EEOC is not a jurisdictional prerequisite, and it may be tolled by equitable modification." (citations omitted)). Since Rivers has not shown that she is entitled to equitable tolling or estoppel, we need not reach this jurisdictional dispute in this case.

No. 12-20817

begun the day of her resignation, but rather when she had a reasonable suspicion that her termination was based on discrimination. This Circuit's precedent clearly establishes, however, that "in Title VII cases [] the limitations period starts running when the plaintiff knows of the discriminatory *act*, not when the plaintiff perceives a discriminatory motive behind the act." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992) (citing *Merrill v. Southern Methodist University*, 806 F.2d 600, 605 (5th Cir.1986) (emphasis original)); *Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989) ("[T]his Court [has] rejected the [] argument that the statute of limitation in a Title VII case should not begin to run until the date of discovery of the alleged discriminatory practices."); *see also Phillips*, 658 F.3d at 455 ("Generally, the limitations period begins on the date of the alleged unlawful employment action.").

In the instant case the 45 day time limit for contacting an EEO counselor began to run on August 12, 2011, the day that the IRS took adverse employment action against Rivers by informing her that she would be terminated, resulting in Rivers submitting her resignation. Rivers first contacted an EEO counselor on October 17, 2011, a total of sixty-six days after the date of her resignation in lieu of termination. Therefore, Rivers did not contact an EEO counselor within the 45 day period provided in 29 C.F.R. § 1614.105(a)(1) and the district court properly found that Rivers' complaint was time barred.

In the alternative, Rivers asserts that she is entitled to equitable remedies that would allow her complaint to the EEO counselor to be considered timely. Rivers argues that the IRS concealed relevant facts during its investigation and misled Rivers about the reasons for her termination, therefore, she contends that the IRS should be estopped from asserting the 45 day limitations period as a defense to her claim.

6

No. 12-20817

An employer may be equitably estopped from asserting the limitations period as a defense when the employee's failure to comply with an EEOC deadline was a result of the employer's misconduct. *Christopher*, 950 F.2d at 1215 (noting that estoppel is warranted when a "plaintiff's unawareness of his ability to bring a claim -- either unawareness of the facts necessary to support a discrimination charge or unawareness of his legal rights -- is due to defendant's misconduct"); *Rhodes v. Guiberson Oil Tools*, 927 F.2d 876, 879 (5th Cir. 1991) ("If the defendant did conceal facts or misled the plaintiff and thereby caused the plaintiff not to assert his rights within the limitations period, the defendant is estopped from asserting the EEOC filing time as a defense."). The employee "bears the burden of presenting facts which, if true, would require a court as a matter of law to estop the defendant from asserting the statute of limitations." *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 865 (5th Cir. 1993) (internal quotations and citations omitted). An employee may be entitled to equitable tolling of a filing deadline if "the [employee's] lack of awareness of the facts supporting his claims [is] because of the defendant's intentional concealment of them." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003).

Rivers is not entitled to equitable tolling or estoppel because she has not shown that the IRS concealed facts from her or affirmatively misled her about the reasons underlying her termination. *See id.* (holding that "[w]e equitably toll a limitations period only when the employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period" (citation omitted) (emphasis original)); *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) ("A court will equitably toll a limitations period only when the employer's affirmative acts mislead the employee.").

Rivers alleges that she did not know that her supervisors, whom she had previously reported for discrimination, had been involved in the investigation

7

of her credit card use until she read her investigative file, which to River's surprise included portions of private conversations between Rivers and her supervisors. Rivers contends that because the IRS concealed the fact that her supervisors were heavily involved in the investigation she had no way of knowing that her termination for her credit card misuse had a discriminatory motive. As the district court found, Rivers had admittedly been a part of the conversations with her supervisors, therefore, she cannot now claim that she was wholly unaware of the existence of these conversations. Her allegation that she was surprised to see that the conversations had been made part of her investigative file is not enough to warrant estoppel. This Court has found that an aggrieved employee is not entitled to equitable estoppel when she is aware of the facts surrounding any discriminatory treatment, but claims unawareness of the employer's discriminatory purpose. *See Christopher*, 950 F.2d at 1216 ("[E]quitable estoppel is not warranted where an employee is aware of all of the facts constituting discriminatory treatment but lacks direct knowledge of the employer's subjective discriminatory purpose.").

Rivers also avers that the IRS concealed facts and misled her because it did not allow her a chance to defend herself against the charges in its investigation, and that had she been provided with all of the information regarding the investigation, she "would have been able to correct any perceived deficiencies and maintain her employment." However, Rivers herself submitted a letter she received from the IRS to the district court as an exhibit attached to her motion opposing the dismissal of her case. (R. 69). This letter explained that Rivers was given written notice of the charges against her on January 26, 2011, that she gave an oral reply to the charges on March 23, 2011, and that she declined to submit a written reply. Accordingly, Rivers was given notice and an opportunity to respond, therefore, her argument that the IRS

deliberately concealed the nature and facts of its investigation from her is without merit.

As such, Rivers has not shown that the IRS affirmatively or actively sought to mislead her, which is a requirement for the application of equitable estoppel or tolling. *See e.g.*, *Tucker v. United Parcel Service*, 657 F.2d 724, 725–26 (5th Cir. Unit B Sept. 1981) (applying equitable tolling when the employer informed seasonal employees they would not be recalled to work after the holidays, and then recalled almost exclusively white and not black seasonal workers after the EEOC filing deadline had passed); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. Mar. 1981) (reversing summary judgment for the employer and finding a genuine issue of material fact existed in regards to equitable tolling when an employee who was demoted and replaced by a younger man reasonably relied on the employer's misrepresentations that he would be reinstated when forbearing to file his age discrimination claim); *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir. 1975) (holding that equitable modification of the limitations period was warranted when the defendant actively sought to mislead the employee by informing her that her position was being terminated due to a lack of funding, then hiring a less qualified male employee to replace her).

The IRS did not actively mislead Rivers to prevent her from filing a discrimination claim by proffering misleading reasons for her termination. Rather, the IRS conducted a year-long investigation into her credit card use in which it gave her written notice of the charges against her and an opportunity to respond. Furthermore, Rivers has not once asserted during the pendency of this litigation that the allegations of her credit card misuse were untruthful in any way. Accordingly, Rivers has not shown that she is entitled to the equitable remedies of tolling or estoppel.

No. 12-20817

## CONCLUSION

Rivers failed to exhaust her administrative remedies when she did not contact an EEO counselor within 45 days of her resignation in lieu of termination.  Rivers also has not shown that she is entitled to equitable tolling or estoppel of the limitations period.  For these reasons, we AFFIRM the district court's dismissal of Rivers' suit.