# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 21-30584

Christine A. Nygren,

*Plaintiff—Appellant*,

*versus*

Dollar Tree Stores, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2714

Before Smith, Clement, and Haynes, *Circuit Judges*.
Per Curiam:*

In 2018, Dollar Tree Stores (DTS) implemented a new policy for its zone managers: relocate to the zone you manage, change positions, or leave the company.  Christine Nygren, who did not live in the zone she managed, wasn't keen on changing her position or relocating.  So, DTS terminated her.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30584

Ms. Nygren then sued DTS for age discrimination, arguing that DTS imposed its relocation policy on only its older zone managers.

The district court granted summary judgment in DTS' favor on the merits of Ms. Nygren's age discrimination claims and dismissed the same with prejudice. Ms. Nygren timely appealed. For the following reasons, we AFFIRM.

I.

DTS' operations in the United States are divided into six "zones." Each zone has a Zone Human Resources Director (ZHRD) and a Vice President (VP) of Operations. Christine Nygren served as a ZHRD for almost twenty years. From 2015 until her termination in 2019, she was the ZHRD for zone 5. The parties agree on the facts contained in the following chart:

| Zone | ZHRD (Name, Age) | ZHRD Residence | Lived in Zone? | Zone VP of Operations | Zone VP of Operations Residence |
|---|---|---|---|---|---|
| 1 | Mary Fulner, 52 | Killingworth, CT | Y | Doug Yost | Virginia Beach, VA |
| 2 | Jerry Sankey, 65 | Chesapeake, VA | N | Russ Harden | Manteo, NC |
| 3 | Terri Peters, 56 | Virginia Beach, VA | N | Dawn Martinez | St. Charles, IL |
| 4 | Karen Rhoten, 55 | Temecula, CA | Y | Ginger Chase | Las Vegas, NV |
| 5 | Christine Nygren, 69 | Metairie, LA | N | Brian Prettyman | Dallas, TX |
| 6 | Jeremie Mapes, 45 | Dublin, OH | Y | Pete Barnett | Virginia Beach, VA |

At the time the events giving rise to this suit took place, Ms. Nygren lived in Metairie, Louisiana, which is not in zone 5. On July 13, 2018, Ms.

Nygren spoke on the phone with DTS' VP of Human Resources—Steven Schumacher—who informed her that DTS henceforth would be requiring its ZHRDs to live in the zones they served. DTS would provide financial relocation benefits to the ZHRDs who agreed to relocate; but those who did not agree to relocate by a certain date could either apply for open positions at DTS or accept a severance package. Mr. Schumacher communicated the same message to the other two ZHRDs who did not live in the zones they served: Jerry Sankey, ZHRD for zone 2; and Terri Peters, ZHRD for zone 3.

Mr. Schumacher designated specific places of relocation for Ms. Nygren, Mr. Sankey, and Ms. Peters. For Ms. Nygren, it was Dallas; for Mr. Sankey, it was Atlanta or Orlando; and for Ms. Peters, it was Chicago. The reason for the relocation requirement was that DTS wanted its ZHRDs to "live closer to the retail stores they supported and to live closer to the Zone operations management team members, including Store Managers and Assistant Managers, District Managers, Regional Directors and Zone VP of Operations."

DTS did not require Mr. Sankey or Ms. Peters to move to the city in which their respective zone's VP of Operations resided—just to a particular city within the zone they served. In any event, neither agreed to move anywhere within their zone, much less the city that DTS required. So, both voluntarily accepted severance packages and agreed to a final working day of April 5, 2019.

Ms. Nygren didn't want to move to Dallas, but she was open to the idea of moving to Houston because that's where her daughter lived. This suggestion apparently was not acceptable to DTS—at least not at first. So, beginning in September and continuing into October 2018, Mr. Schumacher sent Ms. Nygren three severance packages.

Ms. Nygren thought it no coincidence that the three ZHRDs who DTS told to relocate were the three eldest; whereas, DTS said nothing of a relocation requirement to the three youngest ZHRDs. Accordingly, Ms. Nygren hired a lawyer who, on February 13, 2019, sent a letter to DTS alleging that its relocation policy was discriminatory based on age. It also made settlement demands.

On March 6, 2019, DTS sent Ms. Nygren a response unequivocally denying her allegations of age discrimination and claiming that it instituted the relocation policy to advance legitimate business interests. It did, however, indicate that it would allow Ms. Nygren to move to Houston and keep her job as the zone 5 ZHRD. Not long after, Mr. Schumacher called Ms. Nygren to tell her that DTS would be happy to keep her employed if she lived in Houston. Ms. Nygren told him that she didn't want to have any further conversation about the matter and that he should reach out to her lawyer.

Ms. Nygren's final day with DTS was April 5, 2019. On October 22, 2019, Ms. Nygren filed her charge of age discrimination with the EEOC. A year later, she filed a complaint in federal district court, alleging various claims for age discrimination under the Age Discrimination in Employment Act (ADEA) and Louisiana employment discrimination laws.

The district court granted summary judgment in DTS' favor and dismissed Ms. Nygren's claims with prejudice. First, the district court struck Ms. Nygren's unsworn declaration, which she submitted as an exhibit to her opposition to DTS' motion for summary judgment, as a sham affidavit on the ground that it materially contradicted certain portions of her deposition testimony. *Nygren v. Dollar Tree, Inc.*, No. CV 20-2714, 2021 WL 3741526, at *5–7 (E.D. La. Aug. 24, 2021). It then held that, to the extent Ms. Nygren's claim was that DTS discriminatorily fired her based on her age, she

could not prove that DTS' proffered reason for terminating her was pretextual. *Id.* at \*13–15. Finally, the district court held that *if* her claim was instead a challenge to the discriminatory nature of the relocation policy itself—rather than a challenge to her termination—that claim would be time-barred. *Id.* at \*15–17. Ms. Nygren timely appealed.

## II.

We review a district court's order granting a motion for summary judgment de novo, applying the same standard as the district court. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is material if it "might affect the outcome of the suit under the governing law[.]" *Hyatt*, 843 F.3d at 177 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "We construe all facts and inferences in the light most favorable to the nonmoving party[.]" *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

## III.

## A.

The question on appeal is whether the district court erred by granting summary judgment in DTS' favor on Ms. Nygren's ADEA disparate treatment claim. We think not.

The ADEA prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011).

No. 21-30584

Where, as here, an ADEA plaintiff presents only circumstantial evidence of age discrimination, "we apply the modified *McDonnell Douglas* burden-shifting framework." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267–68 (5th Cir. 2015). Under this approach, Ms. Nygren must make out a prima facie case of age discrimination by showing she was: (1) "within the protected class;" (2) "qualified for the position;" (3) subject to an "adverse employment decision;" and (4) "replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003), *aff'd on other grounds*, 544 U.S. 228 (2005).

If Ms. Nygren can establish a prima facie case of age discrimination, then the burden shifts to DTS to "articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* If DTS does so, "the inference of discrimination drops, and [Ms. Nygren] may then attempt to prove discrimination by offering evidence that [DTS'] stated reason is pretextual." *Id.*

Here, the district court assumed that Ms. Nygren had established a prima facie case of age discrimination. It then found that DTS had articulated a legitimate, nondiscriminatory reason for terminating Ms. Nygren's employ and concluded that Ms. Nygren had "fail[ed] to offer *any* evidence of pretext." *Nygren*, 2021 WL 3741526, at *13. We agree; assuming Ms. Nygren makes it past the prima facie stage, she cannot show that DTS' reason for firing her was pretextual.

DTS had an obvious, nondiscriminatory reason for terminating Ms. Nygren's employ. Namely, she did not relocate as DTS required. Accordingly, it was Ms. Nygren's burden to show that this reason was pretextual.

In an attempt to do so, Ms. Nygren argued that DTS did not require its three youngest ZHRDs—Ms. Fulner, Ms. Rhoten, and Mr. Mapes—to relocate.  But as the district court observed, DTS had a perfectly good explanation for not requiring Ms. Fulner, Ms. Rhoten, and Mr. Mapes to relocate—they already lived in the zones they served.

Even still, she argued, DTS did not require Ms. Fulner, Ms. Rhoten, and Mr. Mapes to live in the *same city* as their respective zone's VP of Operations.  But neither did it ultimately require that of Ms. Nygren, Mr. Sankey, or Ms. Peters.  The record reflects that DTS told Mr. Sankey to move to Atlanta or Orlando, even though his zone's VP of Operations lives in Manteo, North Carolina.  And it told Ms. Peters to move to Chicago, even though her zone's VP of Operations lives in St. Charles, Illinois.

While DTS initially told Ms. Nygren to move into her zone, and specifically to Dallas to live in the same city as her zone's VP of Operations, it later reneged on that demand.   DTS informed Ms. Nygren via letter and phone call—which both parties agree occurred—that she could move to Houston and retain her position.

In sum, assuming that Ms. Nygren made out a prima facia case of age discrimination, her claim fails because she offered no evidence that DTS' proffered reason for terminating her—non-compliance with its relocation policy—was pretextual.   Thus, the district court was correct to grant summary judgment in DTS' favor on this claim.

### B.

Ms. Nygren also appeals the district court's decision to strike her unsworn declaration as a sham affidavit.  The reason the district court struck her declaration is because it contained statements that contradicted her deposition testimony.  *Nygren*, 2021 WL 3741526, at *5–7.

No. 21-30584

We need not reach this issue. Whether and to what extent Ms. Nygren's unsworn declaration contained statements contradicting her deposition testimony goes primarily to when she knew, or reasonably should have known, that the consequence of not relocating was termination. That is a question about the *timeliness* of her claim, the resolution of which does not bear on its *merits*. Because we conclude that Ms. Nygren's claim fails on its merits, we do not address whether the district court abused its discretion by striking her unsworn declaration. *E.g.*, *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) ("Under our precedent, we may affirm on any ground supported by the record, including one not reached by the district court." (internal quotation marks and citation omitted)).

## IV.

For the foregoing reasons, the district court did not err by granting summary judgment in DTS' favor with respect to Ms. Nygren's ADEA disparate treatment claim.

The judgment is AFFIRMED.